WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michael Grayson,                    )
                                    )
                Plaintiff,          )    No. CIV 05-1749 PHX RCB
                                    )
          vs.                       )          O R D E R
                                    )
Dora Schriro, et al.,               )
                                    )
                Defendants.         )
_____)

     On June 10, 2005, Plaintiff Michael Grayson filed his
complaint in this matter.  Complt. (doc. 1).  On October 6, 2005,
Defendants Dora Schriro, et al., filed a motion to dismiss this
case.  Mot. (docs. 10).  Thereafter, Plaintiff filed a document
entitled "Plaintiff's Motion to Deny Dismissal."  Resp. (doc. 11,
12).  The Court shall construe this document as Plaintiff's
response to Defendants' motion to dismiss.  This motion was fully
briefed on November 2, 2005.  Reply (doc. 13).
     On February 14, 2006, Plaintiff filed a motion for summary
judgment.  Mot. for Summ. Judg. (doc. 14).  In response,
Defendants filed a motion to strike Plaintiff's motion for summary

1  judgment.  Mot. to Strike (doc. 15).  Plaintiff did not file a
2  response in opposition to Defendants' motion to strike.  Having
3  carefully considered the arguments presented by the parties on all
4  of these matters, the court now rules.

5  **I. Background Facts**

6       On June 10, 2005, Plaintiff filed a seven-count Complaint
7  against Defendants.  Complt. (doc. 1).  In Count 1, Plaintiff
8  alleges that "state agency and agents," which includes Defendants
9  Schriro and Butcher, violated the Eighth Amendment to the United
10 States Constitution by "arbitrarily subjecting [him] to life
11 threatening conditions outside the parameters of the Federal
12 Sentencing Guidelines" and violated the Arizona State Constitution.
13 Id. at 2.  In Counts 2 through 7, Plaintiff alleges Federal and
14 State claims against the State of Arizona.  Id. at 2-3.  Plaintiff
15 seeks damages in the amount of $2.5 million dollars and the removal
16 of his name from sex offender registration files.  Id. at 4.

17      Plaintiff's complaint is void of any alleged facts related to
18 his claims.  Only through sections of Plaintiff's response to
19 Defendants' motion to dismiss can the Court deduce a general idea
20 of what alleged events and injuries Plaintiff bases his claims
21 upon.  It seems that Plaintiff is either challenging the
22 registration of his name as a sex offender or unhappy with the
23 terms of a prior plea agreement in which he entered.  Resp. (doc.
24 11) at 5.[1]

25  _____

26      [1] Plaintiff, in his response, notes that in 1983, he was
    convicted at trial of three counts of sexual assault and was
27  sentenced to a term of incarceration of ten and one half years.
    Resp. (doc. 11) at 1.  Thereafter, in 1995, Plaintiff states that he
28  returned to prison due to an aggravated assault offense.  Id.  Then,

1  II. Discussion

2      A. Defendants' Motion to Dismiss

3      Defendants move for dismissal of Plaintiff's claims based on

4  numerous alleged deficiencies in his Complaint.  Mot. (doc. 10).

5  First, Defendants assert that Plaintiff failed to provide a "short

6  and plain statement of the claim showing that the pleader is

7  entitled to relief," required under Federal Rule of Civil Procedure

8  8(a).  Id. at 2.  Second, Defendants argue that, because Plaintiff

9  failed to bring his constitutional claims pursuant to 42 U.S.C. §

10 1983 ("Section 1983"), there exists no direct cause of action

11 against Defendants Schriro and Butcher for alleged constitutional

12 violations.  Id. at 3, citing City of Newport v. Fact Concerts,

13 Inc., 453 U.S. 247, 258 (1981).  Third, Defendants contend that, to

14 the extent that Plaintiff's Complaint sets forth Federal claims

15 against the State of Arizona, the Arizona Department of

16 Corrections, or any other State agency, these parties are not

17 proper, as they are not "persons" within the meaning of Section

18 1983, and, thus, such claims must be dismissed.  Id., citing Will

19 v. Michigan Department of State Police, 491 U.S. 58, 70-71 (1989).

20 Fourth, Defendants argue that the Eleventh Amendment to the United

21 States Constitution bars Plaintiff's monetary claim against

22 Defendants in their official capacities.  Id., citing Edelman v.

23

24 ─────────────────

25 in 1999, Plaintiff states that he returned to prison for forgery and
   burglary.  Id.  However, Plaintiff asserts that throughout this
   entire time, no sex offender registration was ever ordered.  Id.
26 Plaintiff notes that in 2000 he was relocated to "Eyman-Complex
   Florence Sex Offender Unit."  Id.  He states that he "was not in
27 danger before his relocation," however he maintains that he was "in
   jeopardy [when he returned to the Yuma facility after a parole
28 violation in 2004] since registration was already accomplished."  Id.

1   <u>Jordan</u>, 415 U.S. 651, 662-63, 677-78 (1974).  Fifth, Defendants

2   note that much of the authority cited by Plaintiff as the basis of

3   his claims (the Federal Sentencing Guidelines, the Uniform

4   Commercial Code, and 18 U.S.C. §§ 241, 242, and 872) are not

5   applicable to this civil action.  <u>Id.</u> at 4-5.  Sixth, Defendants

6   assert that the Arizona Department of Corrections is not a proper

7   defendant in this matter, because it is a non-jural entity.  <u>Id.</u> at

8   5.  Seventh, Defendants argue that Counts 1 through 4, alleging

9   violations of the Arizona State Constitution, must be dismissed due

10  to Plaintiff's failure to provide a notice of claim as required by

11  A.R.S. § 12-821.01(A).  <u>Id.</u> at 5-6.  Finally, Defendants argue that

12  Plaintiff's claims should be dismissed due to his failure to state

13  a claim.  <u>Id.</u> at 6.

14      Rule 8(a) provides in pertinent part that:

15          A pleading which sets forth a claim for relief,
            whether an original claim, counterclaim, cross-
16          claim, or third-party claim shall contain (1) a
            short and plain statement of the grounds upon
17          which the court's jurisdiction depends, unless
            the court already has jurisdiction and the claim
18          needs no new grounds of jurisdiction to support
            it, (2) a short and plain statement of the claim
19          showing that the pleader is entitled to relief,
            and (3) a demand for judgment for the relief the
20          pleader seeks. Relief in the alternative or of
            several different types may be demanded.

21

22  Fed.R.Civ.P. 8(a).  Complaints that are confusing and conclusory

23  are not in compliance with Rule 8.  <u>See</u> <u>Hatch v. Reliance Ins. Co.</u>,

24  758 F.2d 409, 415 (9th Cir. 1985).  Generally, Rule 8(a) requires

25  "sufficient allegations to put defendants fairly on notice of the

26  claims against them." <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th

27  Cir. 1991).  A motion to dismiss for failure to state a claim may

28  be granted only if "it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

> In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 338 (9th Cir. 1996). Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

<u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).

A <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). The Ninth Circuit requires liberal construction of a <u>pro se</u> litigant's pleadings and disfavors summary dismissal of their complaints. <u>See Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992); <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir. 1996). Thus, before a district court may dismiss a <u>pro se</u> complaint for failure to state a claim, a court must provide the <u>pro se</u> litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal. <u>McGurkin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992).

Plaintiff's Complaint fails to satisfy the requirements of Rule 8. While Plaintiff cites articles of the United States Constitution, the Arizona State Constitution, several federal statutes, the Federal Sentencing Guidelines, and the Uniform Commercial Code as authority in support of his claims, the court remains unable to determine what Plaintiff's cause of action entails. The basis for Plaintiff's demands are unclear. Plaintiff claims: (i) "State agency and Agents...willingly and knowingly

violated the <u>VIII</u> Amendment of the Constitution of the United
States by arbitrarily subjecting Plaintiff to life-threatening
conditions outside the parameters of the Federal-Sentencing
Guidelines (effective 2004); and in addition violated the State
Constitution [Art. II sect. 15];" (ii) that the State of Arizona
violated Article I, Section 10 of the Constitution of the United
States and Article II, Sections 10, 25 and 19 of the Constitution
of the State of Arizona by "prohibiting the passage of bills of
attainder or ex-post-facto law;" (iii)  that the State of Arizona
violated Article I, Section 10 of the Constitution of the United
States and Article II, Section 25 of the Constitution of the State
of Arizona by "impairing the obligation of contracts;"  (iv) that
the State of Arizona violated "Article X" of the Bill of Rights of
the Constitution of the United States and Article II, Section 33 of
the Constitution of the State of Arizona by "compelling a citizen
of the United States to contract; and violating the U.C.C. mandate
- U.C.C. 1.207;" (v) that the State of Arizona violated Article 4,
Section 4 of the Constitution of the United States, "which
guarantees to every state a Republican form of Government;" (vi)
that the State of Arizona is "guilty of violating jurisdiction,
under <u>Title 18 U.S.C.; Chapter 13 Sections 241, 242</u>;" and (vii)
that the State of Arizona "is guilty of <u>Title 18</u>; <u>Part 1</u>, <u>Chapter
41</u>, <u>Section 872</u> = (Extortion by officers or employees of the United
States."  Complt. (doc. 1) at 2-3.

     Plaintiff, in his response, seems to confuse the "notice"
required under Rule 8 and that required under A.R.S. § 12-821.01.
He argues that he provided "notice" to Defendants when,

          ...[a] NOTICE OF IMPENDING TORT ACTION was

- 6 -

1
2
3
4

> presented to the Department of Corrections, the
> ADULT Parole Dept [sic], and the Attorney General,
> Terry Goddard, [sic] Mr. Goddard's office received
> this notice via certified postage on March 1,
> 2004.  Furthermore, an additional NOTICE was
> received by the Dept. of Corrections (Community
> Corrections Division) May 3, 2004.

5  Resp. (doc. 11) at 2.  However, beyond the issue of "notice,"

6  Plaintiff fails to address any of Defendants' other arguments.[2]

7       Furthermore, Plaintiff's Complaint fails to define sufficient

8  alleged facts to support a cognizable legal theory.  See Navarro,

9  250 F.3d at 732.  His Complaint consists solely of conclusory

10 statements.  Although Plaintiff's response to Defendants' motion to

11 dismiss discloses some events that can be assumed to be related to

12 Plaintiff's claims, the nature of the action remains unclear to the

13 Court.  It is not clear to the Court what event, injury or damage

14 Plaintiff claims to have suffered, and under what legal theory

15 Defendants could be found liable for such an event, injury or

16 damage.

17      The Ninth Circuit requires liberal construction of a pro se

18 litigant's pleadings and disfavors summary dismissal of their

19 complaints.  See Ferdik, 963 F.2d at 1261; McHenry, 84 F.3d 1172.

20 Thus, the Court shall allow Plaintiff to amend his complaint in

21 order to correct the deficiencies discussed above.

22      **B. Defendants' Motion to Strike**

23      On March 7, 2006, Defendants filed a motion to strike

24 Plaintiff's motion for summary judgment.  Mot. to Strike (doc. 15).

25

26      [2] Additionally, in his response, Plaintiff raises issues of
   "concurrent negligence," alleged due process violations, and double
27 jeopardy.  Resp. (doc. 11) at 4-6.  These claims were not raised in
   Plaintiff's Complaint and, consequently, shall not be considered by
28 the Court.

1    In their motion, Defendants argue that Plaintiff's motion for
2    summary judgment should be stricken from the record because (1) it
3    does not comport with the requirements of Local Rule 56.1; and (2)
4    Defendant's motion to dismiss, filed on October 6, 2005, has not
5    yet been ruled upon by the Court.  Id.  No objection or response
6    was filed by Plaintiff in opposition to this motion.  Consequently,
7    the Court shall grant Defendants' motion to strike.
8         Therefore,
9         IT IS ORDERED that Defendants' motion to dismiss (doc. 10) is
10   DENIED, without prejudice.
11        IT IS FURTHER ORDERED that on or before June 19, 2006,
12   Plaintiff shall file a First Amended Complaint in compliance with
13   Rule 8(a) of the Federal Rules of Civil Procedure and Rule of
14   Practice 7.1, which specifies the Court's jurisdictional basis
15   therein, clarifies the statute(s) upon which Plaintiff is relying
16   to support her claim(s), names the defendant(s) therein she
17   believes are appropriate, provides a short and plain statement of
18   the claim showing that Plaintiff is entitled to relief, and demands
19   judgment for the relief Plaintiff seeks.
20        IT IS FURTHER ORDERED that failure to comply with these Orders
21   may result in the dismissal of Plaintiff's Complaint without
22   prejudice, pursuant to Federal Rule of Civil Procedure 41.
23        IT IS FURTHER ORDERED directing the Clerk of the Court to
24   provide the Plaintiff with a copy of "Filing A Complaint In Your
25   Own Behalf."
26        IT IS FINALLY ORDERED that Defendants' motion to strike
27   . . .
28

1   Plaintiff's motion for summary judgment (doc. 15) is GRANTED.

2        DATED this 16th day of May, 2006.

3

4

5                        _____
                             Robert C. Broomfield
6                            Senior United States District Judge

7

8   Copies to counsel of record

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28