**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Grayson, ) | |
| Plaintiff, ) | No. CIV 05-1749 PHX RCB |
| ) | |
| v. ) | O R D E R |
| ) | |
| ) | |
| Dora Schriro, *et al.*, ) | |
| Defendants. ) | |
| _____ ) | |

### *Introduction*

Two motions are currently pending before the court.  The first is a motion by the defendants to dismiss plaintiff's First Amended Complaint ("FAC") (doc. 20).  Second, the plaintiff has filed a "Motion to Set and Certificate of Readiness" (doc. 24).  The court will address these motions in turn.

### *Background*

### *I.  Grayson I*

The present action is not unfamiliar to this court.  On June 10, 2005, plaintiff *pro se* Michael Grayson commenced this lawsuit asserting claims against, among others, the State of Arizona; Dora

1   Schriro, the Director of the Arizona Department of Corrections

2   ("ADC"); and Steve Butcher and Chuck Lopez, ADC parole officers

3   during the relevant time frame.   In Grayson I, the court expressly

4   found that plaintiff's original complaint was "void of any alleged

5   facts related to his claims."  Doc. 16 at 2.   Only after

6   deciphering his response to defendants' first motion to dismiss was

7   the court "able to deduce a general idea of what alleged events and

8   injuries Plaintiff bases his claims upon."  Id.  Although the court

9   was uncertain, it opined "that Plaintiff [wa]s either challenging

10  the registration of his name as a sex offender or unhappy with the

11  terms of a prior plea agreement in which he entered."  Id.

12  (citation and footnote omitted).   As he does in his FAC, plaintiff

13  sought to have his name removed from the sex offender registry[1] and

14  $2.5 million dollars in damages.

15     Contending that the original complaint had a number of

16  defects, defendants  made a pre-answer motion for dismissal.   Three

17  of the grounds for dismissal which defendants urged in Grayson I

18  are of particular significance at this juncture because defendants

19  are making those arguments again in moving for dismissal of the

20  FAC.   In Grayson I, the defendants moved to dismiss based upon

21  plaintiff's failure to comply with the pleading requirements of

22  Rule 8(a).   Additionally, the defendants in Grayson I sought

23  dismissal for failure to state a claim upon which relief may be

24  granted pursuant to Fed. R. Civ. P. 12(b)(6).   Defendants also

25  sought dismissal of plaintiff's alleged violations of the Arizona

26

27        [1]    A.R.S. § 13-3821 is what is colloquially referred to as
    "Arizona's Megan's Law[.]"  See   John D. v. Vanderpool. No. CV 05-
28  2254-PHX-JAT, 2006 WL 2038466, at *1  (D.Ariz. July 19, 2006).
    Basically that statute "requires registration and notification for
    convicted sex offenders."  Id.

1   State Constitution because plaintiff did not serve them with a

2   notice of claim as A.R.S. § 12-821.01(A) requires.

3        The court found merit to both defendants' Rule 8 and Rule

4   12(b)(6) arguments.  In particular, the court found that the

5   original complaint did not "satisfy the requirements of Rule 8[]"

6   because it was "unable to determine what Plaintiff's cause of

7   action entails."  Doc. 16 at 5.  In a similar vein, the court in

8   Grayson I found that "[p]laintiff's Complaint fail[ed] to define

9   sufficient alleged facts to support a cognizable legal theory."

10  Id. at 7.  More specifically, the court explained that "[i]t [wa]s

11  not clear . . . what event, injury or damage Plaintiff claims to

12  have suffered, and under what legal theory Defendants could be

13  found liable for such an event, injury or damage."  Id.  Except to

14  note that plaintiff confused  notice pleading under Rule 8 with the

15  notice of claim which A.R.S. § 12-821.01 mandates, the court did

16  not explicitly address defendants' motion to dismiss premised upon

17  the latter, however.

18       Although the original complaint did not comport with Rule 8

19  and did not state a claim upon which relief could be granted, the

20  court denied defendants' motion to dismiss without prejudice.

21  Recognizing the "liberal construction" which must be afforded *pro

22  se* pleadings, and the Ninth Circuit's "disfavor[] [of] summary

23  dismissal[s]" of *pro se* complaints, the court granted plaintiff

24  leave to amend "to correct the deficiencies" discussed in Grayson

25  I.  Id.

26       Mirroring the language of Rule 8(a), the court explicitly

27  ordered plaintiff, "on or before June 19, 2006," to file a FAC:

28                    in compliance with [that] Rule . . .
                      and Rule of Practice 7.1, which

1 |                     specifies the Court's jurisdictional

```
               specifies the Court's jurisdictional
               basis therein, clarifies the statute(s)
               upon which Plaintiff is relying to
               support h[is] claim(s), names the
               defendant(s) therein []he believes
               are appropriate, provides a short
               and plain statement of the claim showing
               that Plaintiff is entitled to relief, and
               demands judgment for the relief Plaintiff seeks.
```

Id. at 8.  The court "FURTHER ORDERED that failure to comply with these Orders may result in the dismissal of Plaintiff's Complaint without prejudice, pursuant to Federal Rule of Civil Procedure 41." Id. The court also ordered the "Clerk of the Court to provide the Plaintiff with a copy of  'Filing A Complaint In your Own Behalf[,]'" and that was done.  Id.  The same day that plaintiff was mailed a copy of Grayson I, he was also mailed a copy of that booklet which includes a "Sample Format for Complaint" and a recitation of Fed. R. Civ. P. 8(a), pertaining to "general rules of pleadings."

**II.  FAC**

A few days later on June 23, 2006, plaintiff filed his FAC.[2] The  FAC addresses some but not all of the defects outlined in Grayson I.  For example, to avoid a possible Eleventh Amendment bar, in his FAC plaintiff names defendants Schriro and Butcher solely in their individual capacities.  Also, in contrast to his original complaint where plaintiff did not specify the jurisdictional basis for his claims, in the FAC he lists the fifth, eighth, and fourteenth amendments, as well as article 1, section 10 of the Constitution and 42 U.S.C. § 1983.  In his FAC plaintiff also adds a section designated as "applicable law" wherein he cites

---

[2]     Given that plaintiff' filed his FAC less than a week late, in combination with the fact that he is appearing *pro se*, the court will overlook this *de minimis* delay.

to those same provisions of the United States Constitution, as well as to a number of federal cases.  Another addition to the FAC is a section entitled "injuries."  Included among the injuries which plaintiff claims are allegations that he and his family were denied the ability to "interact in [a] decent manner due to [his] homeless shelter placement[,]" and that his "well-being" was "endanger[ed]" twice.  Doc. 17 at 5-6.  The first time supposedly was when plaintiff was "forced to sleep on [the] streets[.]"  _Id._ at 6.  The second time was when he was placed in the "general [prison] population yard after violating parole, and _after_ meeting [the] requirements of 13-3821[.]"  _Id._

Despite the foregoing, as will be seen, the FAC still does not comply with Rule 8 in that it does not, as the court directed in Grayson I, "clarif[y] the statute(s) upon which Plaintiff is relying to support h[is] claims(s)[.]"  _See_ Doc. 16 at 8. Similarly, the FAC does not "provide[] a short and plain statement of the claim[(s)] showing that Plaintiff is entitled to relief[,]" as the court also directed in Grayson I.  _See id._  Additionally, as will be more fully discussed below, the FAC runs afoul of Rule 12(b)(6) because it does not state a claim upon which relief may be granted.

## ***Discussion***

### ***I.  Defendants' Motion to Dismiss***

Defendants are seeking dismissal of plaintiff's FAC on a variety of grounds.  As in Grayson I, defendants first assert that they are entitled to dismissal because the FAC is "vague, convoluted, and difficult to understand."  Doc. 20 at 2.  Hence, according to defendants, the FAC  does not comply with Rule 8's

1  pleading requirements.  Second, defendants assert that the court

2  must dismiss plaintiff's state law claims because he did not file a

3  timely notice of claim as A.R.S. § 12-821.01 requires.  Third, as

4  another basis for dismissing plaintiff's state law tort claims,

5  defendants point out that those claims run only against the State.

6  Thus, as individuals, defendants cannot be held liable for those

7  tort claims.  Fourth, defendants posit that because they are being

8  sued in their individual capacities only, plaintiff cannot seek

9  injunctive relief against them.  Finally, in essence defendants

10  maintain that dismissal is proper under Rule 12(b)(6) because given

11  the conclusory allegations in the FAC, plaintiff has failed to

12  state a claim for which relief may be granted.

13       Before addressing these arguments, the court notes that

14  plaintiff's Response consists almost entirely of incomprehensible

15  and irrelevant rhetoric.[3]  To illustrate, in his conclusion

16  plaintiff writes: "[I]f one were hypothetically a member of the

17  BAR; (the British Accreditation Regency), and was intrusted with

18  conducting the Crown of England's business of commercial affairs

19  daily, why would one pretend to not be involved in a 'commercial

20  transaction'? Would it not seem quite honorable an undertaking to

21  be involved in such a grand architecture?  Whenceforth comes

22  shame?"  Doc. 23 at 3.  Obviously, it is impossible to glean any

23  meaningful opposition arguments from this Response.

24  ***A. Fed. R. Civ. P. 8***

25       Rule 8(a) requires that a pleading "contain (1) a short and

26

27  _____

28       [3]    Plaintiff actually filed two Responses on two different
    dates. Except for one word, they are identical.  <u>Compare</u> Doc. 21
    (Aug. 15, 2006) <u>with</u> Doc. 23 (Aug. 18, 2006).  Therefore, the court
    has considered both in deciding this motion to dismiss.

1   plain statement of the grounds upon which the court's jurisdiction

2   depends, . . . (2) a short and plain statement of the claim showing

3   that the pleader is entitled to relief, and (3) a demand for

4   judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).

5   In other words, Rule 8 requires "'sufficient allegations to put

6   defendants fairly on notice of the claims against them.'"  Martinez

7   v. Maricopa County, No. CV 05-3512-PHX-JAT, 2006 WL 2850332, at *5

8   (D. Ariz. Oct. 4, 2006) (quoting McKeever v. Block, 932 F.2d 795,

9   798 (9th Cir. 1991)).  "When a complaint fails to comply with the

10  requirements of Rule 8(a), the district court has the power, on

11  motion or sua sponte, to dismiss the complaint or to strike those

12  parts of the complaint that are redundant or immaterial."  Marshall

13  v. United Nations, No. Civ.-S-05-2575 LLK GGH PS, 2006 WL 1883179,

14  at *3 (E.D. Cal. July 7, 2006) (citation omitted).  Indeed, "[a]

15  complaint that fails to comply with rules 8(a) and 8(e)[4] may be

16  dismissed *with prejudice* pursuant to Fed. R.Civ.P. 41(b)."  Id.

17  (citations omitted) (footnote added) (emphasis added).  What is

18  more, "[t]he propriety of dismissal for failure to comply with Rule

19  8 does *not* depend on whether the complaint is wholly without

20  merit[.]"  Id. (internal quotation marks and citation omitted)

21  (emphasis added).

22      A comparison of the motion to dismiss in Grayson I with

23  defendants' current motion reveals that their Rule 8 argument is

24  nearly identical to that which they made in Grayson I.  This is

25  significant for two reasons.  First, it means that plaintiff

26  Grayson has been previously notified of the claimed Rule 8

27  _____

28      [4]   Basically this Rule requires that averments in pleadings be
    "simple, concise, and direct[;]" it also allows for alternative
    pleading.  See Fed. R. Civ. P. 8(e)(1) and (2).

1  deficiencies in his complaint.  Of equal if not more import is the

2  fact that because there was an issue of plaintiff's failure to

3  comply with Rule 8 in Grayson I, the court discussed in some detail

4  the requirements of that Rule, and the ways in which the original

5  complaint failed to satisfy it.  See Doc. 16 at 4-7.  Basically

6  then, in Grayson I the court provided plaintiff with a primer on

7  Rule 8 pleading requirements.  Even with those guidelines however,

8  for the reasons set forth below, the court finds that plaintiff's

9  FAC fails to conform to the strictures of Rule 8.

10       In Grayson I this court plainly stated, "Complaints that are

11  confusing and conclusory are not in compliance with Rule 8."  Doc.

12  16 at 4 (citing Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th

13  Cir. 1985)).  Yet, as with his original complaint, plaintiff's  FAC

14  does "not [make] clear . . . under what legal theory Defendants

15  could be found liable[.]"  See id. at 7.  As mentioned at the

16  outset, in his FAC, with no elaboration, plaintiff cites to: (1) 42

17  U.S.C. § 1983; (2) the fifth, eighth and fourteenth amendments of

18  the United States Constitution; and (3)  article 1, section 10 of

19  the Constitution.

20       Plaintiff's complaint is devoid of any facts supporting a

21  section 1983 cause of action, or any of these alleged

22  constitutional violations however.  To illustrate, plaintiff

23  alleges that he was denied due process when he was "released

24  'homeless' erroneously[,]" but he does not allege a factual basis

25  for this purported denial of due process.  See id. at 2, ¶ V.

26  Count II of the FAC is equally conclusory.  In that count plaintiff

27  alleges, inter alia, that through letters he provided to the ADC,

28  "[d]efendant(s) knew or should have known . . . that [his] (then)

1  current commitment to" the ADC pursuant to a plea agreement
2  amounted to deliberate indifference and was a violation of the
3  double jeopardy clause.  Id. at 4, ¶ V.

4      Even when naming a particular defendant, plaintiff's
5  allegations are vague and conclusory.  To illustrate, plaintiff
6  alleges that defendant Butcher "command[ed]" that plaintiff
7  "virtually sleep on the streets" the night of May 17, 2004, when
8  plaintiff was paroled.  See Doc. 17 at 4, § V, count III.  With no
9  explanation, plaintiff goes on to broadly allege that this
10 "command" "constitut[ed] cruel and unusual punishment, and
11 deliberate indifference[,] and double jeopardy."  Id. (emphasis in
12 original).

13     Plaintiff's allegations against defendant Schriro are
14 similarly vague and conclusory.  He claims that Schriro was
15 deliberately indifferent to him because based upon an ADC
16 "corrections classification manual change[] which bears her
17 endorsement," purportedly she "knew or should have known" that
18 plaintiff was "erroneously placed" on the "yard" designated for
19 registered sex offenders.  Id. at 4, § V, count IV.  Further,
20 plaintiff makes the incomprehensible allegation that defendant
21 Schriro was deliberately indifferent to him "by placing him in
22 general population after the fact of his status."  Id.

23     Plaintiff is under the mistaken impression that by simply
24 reciting constitutional buzzwords such as due process and
25 deliberate indifference, he is alleging valid legal claims.
26 Plaintiff is wrong. The "mere[] cit[ation] . . . [to] incident[]s
27 and conclud[ing] that [they] w[ere] a violation of his
28 constitutional rights[,]" does not comport with Rule 8.  See

1   Spittal v. Apel, No. CIVS05204FDCGGHPS, 2006 WL 769031, at *3

2   (E.D.Cal. March 24, 2006).  This FAC does not satisfy Rule 8

3   because, among other reasons, "[i]n none of his c[ounts] does the

4   plaintiff offer specific facts or a cognizable theory regarding why

5   the action was a violation."  Id.  Moreover, the FAC is far from

6   clear in terms of connecting the defendants to specific allegations

7   of wrongdoing.  "[M]ere reference to a federal right[,]" as

8   plaintiff Grayson has done, "does not create the necessary

9   specificity which would allow the defendant to respond to the

10  plaintiff's allegations."  See id.

11      Simply put,"[n]one of the counts in [this FAC] presents an

12  intelligible picture of the nature of this lawsuit."  See Kennedy

13  v. Andrews, No. CV052692PHXNVW, 2005 WL 3358205, at *3 (D.Ariz.

14  Dec. 8, 2005).  Indeed, this FAC "must leave the defendants

15  wondering what each is being sued for and how it connects with

16  elements of any basis of liability."  See Hanks v. Andrews, No. CV

17  05-2275-PHX-NVW, 2006 WL 1371625, at * 1 (D.Ariz. May 15, 2006).

18  Thus, because plaintiff Grayson does not allege sufficient facts to

19  explain how each defendant violated section 1983 and the

20  constitutional amendments to which the FAC refers, defendants have

21  not received the notice which Rule 8 anticipates.  See Caldwell v.

22  S.S.A., No. CIV S-06-0607 FCD GGH PS, 2006 WL 3251798, at *2

23  (E.D.Cal. Nov. 8, 2006) (citing McHenry v. Renne, 84 F.3d 1172 (9th

24  Cir. 1996)) ("[T]o respect [an] individual defendant's right to be

25  notified of the allegations with which they are charged, a

26  complaint must make clear the connections between specific

27  allegations and individual defendants.") Based upon the foregoing,

28  the court grants defendants' motion to dismiss the FAC because it

1  is deficient under Rule 8.

2      Even if the FAC did satisfy Rule 8's notice pleading

3  requirements, as will be more fully discussed below, it suffers

4  from several other defects which justify dismissal.  Most notably,

5  the FAC fails to state a claim upon which relief may be granted.

6  Thus, although the court's inquiry could end here, the fact that

7  the FAC is defective in several other ways, including that it fails

8  to state a claim upon which relief may be granted, bolsters the

9  court's conclusion that dismissal of the FAC is not only

10  appropriate, but necessary.

11      **_B.  Notice of Claim_**

12      Among the deficiencies identified in <u>Grayson I</u> was

13  "[p]laintiff's failure to provide a notice of claim as required by

14  A.R.S. § 12-821.01(A)."  Doc. 16 at 4 (citation omitted).  That

15  statute requires, among other things, that "persons who have claims

16  against a public entity or a public employee . . . , within 180

17  days after the accrual of the cause of action, file a notice of

18  claim with the person(s) authorized to accept service for the

19  public entity or public employee."[5]  <u>Martinez</u>, 2006 WL 2850332, at

20  *1.  These notices of claim must "contain facts sufficient to

21  permit the public entity  or public employee to understand the

22  basis upon which liability is claimed."  A.R.S. § 12-821.01(A)

23  (West 2003).  The notice of claim must also include "a specific

24  amount for which the claim can be settled[,]" as well as the "facts

25  supporting that amount."  <u>Id.</u>  Failure to timely file a notice of

26

27      [5]      For purposes of section 12-821.01(A), "a cause of action
   accrues when the damaged party realizes he or she has been damaged
28  and knows or reasonably should know the cause, source, act, event,
   instrumentality or condition which caused or contributed to the
   damage."  A.R.S. § 12-821.01(B) (West 2003).

1   claim in accordance with section 12-821.01(A) bars a claimant from

2   proceeding on his state law claims against a public entity or

3   public employee.   Id.

4        In his FAC plaintiff alleges various state law claims against

5   the defendants, such as negligence (count I), breach of contract

6   (count II), and gross negligence (count IV).   Defendants argue that

7   because plaintiff has not served them or the State with a notice of

8   claim as A.R.S. § 12-821.01(A) requires, they are entitled to

9   dismissal of these state law claims.[6]   As noted earlier, this

10  notice argument is not new.   As previously mentioned, defendants

11  made this same argument in moving to dismiss the original

12  complaint, thus alerting plaintiff to this possible procedural

13  irregularity.[7]   Nonetheless, conspicuously absent from the present

14  record is any indication that plaintiff ever filed a statutory

15  notice of claim in connection with this litigation.   Nor did

16  plaintiff address this notice of claim argument in his Response.

17       According to the FAC, on May 17, 2004, the ADC released

18  plaintiff as an inmate.   At the time of his release, plaintiff

19  claims that defendants were negligent in that they "knew or should

20  have known" through his letters that "he would be released

21  ────────────────

22       [6]   Because the statutory notice requirements of A.R.S. § 12-
     821.01(A) are procedural, rather than jurisdictional, although
23   defendants moved to dismiss based upon Fed. R. Civ. P. 12(b)(6), the
     court will treat this aspect of defendants' motion as an unenumerated
24   12(b) motion, thus allowing it "to look beyond the pleadings to
     consider the allegations . . . contained within Defendants' Motion
25   and Plaintiff's Response."   See Martinez v. Maricopa County, No. CV
     05-3512-PHX-JAT, 2006 WL 2850332, at *2 (D.Ariz. Oct. 4, 2006).
26

27       [7]   In Grayson I, defendants made this argument in the context
     of claims which plaintiff was alleging under the Arizona
28   Constitution, as opposed to state common law causes of action.   The
     notice of claim requirement remains the same, however, regardless of
     the basis for a particular cause of action.

1  'homeless' erroneously[.]" Doc. 17, at 3, ¶ V, count I.  However,

2  according to defendants Schriro and Butcher, "[t]here is no

3  indication that Plaintiff served a notice of claim on the State" or

4  upon them, <u>see</u> Doc. 20 at 3; and the plaintiff does not dispute

5  that failure.  Thus, given that plaintiff did not comply with the

6  State's notice of claim procedure as A.R.S. § 12-821.01(A)

7  mandates, the court hereby grants defendants' motion to dismiss

8  plaintiff's negligence claim in its entirety.

9      In count II of his FAC plaintiff alleges, *inter alia*, breach

10  of contract.  Plaintiff does not allege the nature of this breach[8]

11  or exactly when it supposedly occurred.  It can be inferred,

12  however, that this alleged breach occurred prior to May 17, 2004,

13  when plaintiff was released from prison.  This inference can be

14  drawn from the reference in count II to plaintiff's "then[] current

15  commitment" to the ADC.  <u>See</u> Doc. 17 at 4.  Therefore, as with his

16  negligence count, because plaintiff did not timely filed a notice

17  of claim pursuant to A.R.S. § 12-821.01(A), the court also grants

18  defendants' motion to dismiss this breach of contract claim in its

19  entirety.

20      Plaintiff's third state law based cause of action is for gross

21  negligence.  Once again the precise contours of this claim are

22  uncertain.  As with plaintiff's breach of contract claim, however,

23  it appears that this cause of action also accrued while plaintiff

24  was incarcerated, *i.e.* prior to May 17, 2004.  And once again,

25  because plaintiff did not timely file a notice of claim as section

26  _____

27      [8]    As the court previously observed, evidently plaintiff is
"unhappy with the terms of a prior plea agreement in which he

28  entered." Doc. 16 at 2 (citation and footnote omitted).  Apparently
this is the basis for his breach of contract claim, although the FAC
is far from clear on this point.

1  12-821.01(A) requires for claims against public employees such as

2  defendants Schriro and Butcher, the court grants defendants' motion

3  to dismiss this claim as well.

4      **_C.  Tort Claims_**

5       Even if plaintiff had timely filed a notice of claim,

6  defendants Schriro and Butcher still would be entitled to dismissal

7  of the tort claims alleged against them, *i.e.* negligence and gross

8  negligence.  That is so because as defendants accurately state, in

9  accordance with A.R.S. § 31-201.01(F), "all causes of action which

10 may arise out of tort caused by the director, prisoner officers or

11 employees of the [ADC], within the scope of their legal duty, *shall*

12 run only against the state."  A.R.S. § 31-201.01(F) (West 2002)

13 (emphasis added).  Plaintiff's FAC is confusing in many ways, but

14 he does plainly allege that he is suing defendants Schriro and

15 Butcher solely in their capacity as ADC employees.  In particular,

16 he avers that defendant Schriro's "occupation . . . at the time of

17 this action" is Director of the ADC.  Doc. 17 at 2, ¶ III.

18 Similarly, plaintiff avers that defendant Butcher's "occupation

19 . . . at the time of this action" is ADC "Parole Officer (Southern

20 Division)[.]" Id.  In light of the foregoing, because plaintiff's

21 tort claims can only run against the State, the court grants the

22 motion by defendants Schriro and Butcher to dismiss those claims.[9]

23

24 ───────────────

             [9]    In contrast to his original complaint, plaintiff does not
25 name the State of Arizona as a defendant in his FAC.  Defendants
   Schriro and Butcher are the only named defendants; and, as discussed
26 above, they are named solely in their individual capacities.  Thus,
   despite defendants' suggestion to the contrary, the Eleventh
27 Amendment is not implicated here.  See Hafer v. Melo, 502 U.S. 21,
   30-31 (1991) ("[T]he Eleventh Amendment does not erect a barrier
28 against suits to impose individual and personal liability on state
   officials under § 1983.")

1      **_D.   Fed. R. Civ. P. 12(b)(6)_**

2           In arguing that they are entitled to dismissal of the FAC for

3      failure to state a claim upon which relief may be granted pursuant

4      to Fed. R. Civ. P. 12(b)(6), as in <u>Grayson I</u>, defendants rely upon

5      several well-settled principles of section 1983 jurisprudence,

6      which will be discussed below.  Rather than applying these legal

7      principles to the present case though, defendants fall back on

8      their familiar refrain that the FAC "consist[]s solely of

9      conclusory statements."  Doc. 20 at 5.  They  point out that the

10     "cause of action" section of the FAC pertains to an unnamed parole

11     officer; there is no mention in that section of defendants or their

12     alleged misconduct.  Defendants further note that interspersed

13     throughout the FAC are various state law references, yet in the

14     "applicable law" section of his FAC, plaintiff cites only to

15     federal law.  Based upon the foregoing, defendants maintain that

16     plaintiff's "allegations are insufficient to state a State or

17     federal claim."  <u>Id.</u> at 6.

18          Before turning to the merits of the FAC, or  more precisely

19     the lack thereof, the court stresses that it does not take such a

20     restrictive reading of the FAC as do the defendants.  As just

21     alluded to, evidently defendants believe that in determining the

22     relative merits of the FAC, the court should focus solely upon the

23     "cause of action" section of that complaint.  This is an overly

24     restrictive reading of the FAC, though, especially taking into

25     account, as the court must, plaintiff' *pro se* status.  Despite

26     defendants' urging to the contrary, the court also will *not*

27     disregard plaintiff's putative state law claims simply because he

28     does not reference them in the "applicable law" section of his FAC.

1    Thus, in resolving this motion to dismiss the court will read the
2    cause of action section together with the other sections of the
3    FAC, including the four specifically designated "counts."  Reading
4    the FAC in this way is in keeping with the well-settled rules that
5    on a Rule 12(b)(6) motion such as this, a court must "construe the
6    pleading in the light most favorable to the plaintiff, and resolve
7    all doubts in the plaintiff's favor."  See Jenkins v. McKeithen,
8    395 U.S. 411, 421 (1969).

9        *1. Jurisdiction*

10       As noted earlier, plaintiff Grayson asserts several possible
11   bases for jurisdiction in his FAC.  He refers to the fifth, eighth
12   and fourteenth amendments of the U.S. Constitution, article 1,
13   section 10 of the Constitution, which prohibits states from passing
14   *ex post facto* laws, and  42 U.S.C. § 1983.  To the extent plaintiff
15   is attempting to assert claims against these state defendants
16   directly under the Constitution, he cannot do so.  That is because
17   in this Circuit  "[t]he exclusive remedy for vindicating alleged
18   violations of constitutional rights by state actors is 42 U.S.C.
19   1983." Varela v. San Francisco City & County, No. C 06-01841 WHA,
20   2006 WL 3747179, at *1 (N.D.Cal. Dec. 14, 2006); see also
21   Greenawalt v. Sun City West Fire District, 250 F.Supp.2d 1200,
22   1212-1213 (D.Ariz. 2003) (citing, *inter alia*, Martinez v. City of
23   Los Angeles, 141 F.3d 1373, 1382 (9th Cir. 1998)) (emphasis added)
24   ("The Ninth Circuit unequivocally holds that a plaintiff
25   complaining of a violation of a constitutional right by a state
26   actor *must* utilize 42 U.S.C. § 1983 and may *not* pursue a claim
27   directly under the Constitution.") Therefore, the court must
28   construe the FAC as asserting jurisdiction based only upon section

1   1983.  The court will limit is consideration of plaintiff's

2   supposed section 1983 claims to those predicated upon alleged

3   violations of federally protected rights, not state law rights,

4   because "a violation of state law does not lead to liability under

5   § 1983."  See Campbell v. Burt, 141 F.3d 927, 930 (9th Cir. 1998).

6        Unlike the original complaint, the FAC cites to section 1983

7   as a possible jurisdictional bases.  However, the "mere mention of

8   42 U.S.C. § 1983 and particular constitutional provisions does not

9   establish jurisdiction where the complaint on its face discloses

10  the absence of an essential element of such a claim."  Rushdan v.

11  Hale, No.C02-1325TEH(PR), 2002 WL 981863 (N.D.Cal. May 7, 2002);

12  see also Rodriquez v. State Compensation Insurance Fund, No.

13  CIVS052600MCE GGH PS, 2006 WL 657207, at *2 (E.D.Cal. March 14,

14  2006), adopted, 2006 WL 1170017 (E.D.Cal. May 1, 2006).  In the

15  present case, careful examination of the FAC reveals that

16  "essential elements" of a section 1983 claim are missing from that

17  FAC as to both defendants.

18          ***2.  Defendant Schriro***

19       Defendants accurately point out that before section 1983

20  liability attaches, there must be a showing of personal involvement

21  by a given defendant.  This requirement is based upon the plain

22  language of section 1983, which states that to establish liability

23  thereunder a "person" must "subject[]" the plaintiff or "cause[]"

24  the plaintiff "to be subjected" to a deprivation of a

25  constitutional right.  42 U.S.C. § 1983 (West 2003).  "A sufficient

26  casual connection is established 'by some kind of direct personal

27  participation in the deprivation [or] by setting in motion a series

28  of acts by others which the actor knows or reasonably should know

would cause others to inflict the constitutional injury.'"
Krittenbrink v. Crawford, No. 3:03CV000235-ECR(RAM), 2006 WL
2987616, at *3 (D.Nev. Oct. 12, 2006) (quoting Johnson v. Duffy,
588 F.2d 740, 743 (9th Cir. 1978)).  A corollary to this personal
involvement element is, as defendants also correctly state, "[i]n a
section 1983 action . . . , *respondeat superior*, or vicarious
liability, may not be imposed in the absence of a state law
imposing such liability."  Id. (quoting Redman v. County of San
Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (other citation
omitted)).  By the same token though, a supervisor may be held
liable under section 1983 "if the supervisor participated in or
directed the [constitutional] violations, or knew of the violations
and failed to act to prevent them.'" Hydrick v. Hunter, 466 F.3d
676, 689 (9th Cir. 2006) (internal quotation marks and citation
omitted).  Furthermore, even "[l]acking such overt personal
participation, § 1983 supervisory liability still exists if the
official implements a policy that is deliberately indifferent to
the plaintiff's constitutional rights, and that policy is the
moving force behind the violation." Nunes v. Driver, No. CV05-2114-
PHX-DGC, 2006 WL 3390318, at *2 (D.Ariz. No. 22, 2006) (internal
quotation marks and citation omitted).

     Because, as just mentioned, there is no *respondeat superior*
liability under section 1983, the only way defendant Schriro, the
ADC's Director, can be held liable under that statute is in her
supervisory capacity.  The FAC does not contain sufficient facts to
impose liability under that theory, however.  There are no
allegations that defendant Schriro "participated in or directed the
alleged constitutional deprivations." See Hydrick, 466 F.3d at 689

1  (internal quotation marks and citation omitted).  Likewise, the FAC
2  does not allege that defendant Schriro "implement[ed] a policy that
3  is deliberately indifferent to . . . plaintiff's constitutional
4  rights[.]"  See Nunes, 2006 WL 3390318, at *2 (internal quotation
5  marks and citation omitted).

6      The court is fully aware that in this Circuit, "if the
7  supervisory liability is premised on a deliberately indifferent
8  policy implemented by the official, . . . , [a] plaintiff[] need
9  not specifically allege a policy, it is enough if the policy may be
10  inferred from the allegations of the complaint."  Id. (citation
11  omitted).  But here, plaintiff has not alleged sufficient facts
12  from which it could be reasonably inferred that defendant Schriro
13  implemented a deliberately indifferent policy.  In this regard, the
14  present case stands in sharp contrast to Nunes where, based upon
15  allegations that the former chief of police knew or should have
16  known that a former police officer had sexually assaulted others
17  prior to allegedly sexually assaulting plaintiff, the court
18  "infer[red] . . . that it was a policy or custom to turn a blind
19  eye to these [sexual assault] infractions."  See id. (citation
20  omitted).  Based upon that specific factual allegation, which the
21  court expressly found "save[d] [the] complaint" from dismissal, the
22  Nunes court denied the former police chief's motion to dismiss for
23  failure to state a claim.  Id.

24      Unlike plaintiff Nunes, plaintiff Grayson does not include any
25  specific factual allegations from which it could reasonably be
26  inferred that defendant Schriro knew or should have known that
27  plaintiff Grayson would "erroneously [be] placed on [the sex
28  offender] yard[.]"  See Doc. 17 at 4.  By way of example, plaintiff

1  does not allege that defendant Schriro knew or should have known

2  that plaintiff would be "erroneously . . . placed" on the sex

3  offender yard because other inmates had been so placed.  Similarly,

4  the FAC does not include any specific factual allegations from

5  which it could reasonably be inferred that defendant Schriro knew

6  or should have known that plaintiff would be "put in jeopardy by

7  placing him in general population[.]" Id.  In addition to these

8  pleading deficiencies, the FAC does not, as the Supreme Court

9  requires, allege any affirmative link between defendant Schriro's

10 actions and the purported constitutional deprivations.  See Rizzo

11 v. Goode, 423 U.S. 362 (1976).  Accordingly, the court finds that

12 plaintiff's FAC fails to state a section 1983 claim upon which

13 relief may be granted against defendant Schriro.  Hence she is

14 entitled to dismissal of the FAC under Rule 12(b)(6), as well as

15 under Rule 8.

16              *3.  Defendant Butcher*

17      To be sure, unlike defendant Schriro, the FAC includes

18 allegations that defendant Butcher personally violated plaintiff's

19 constitutional rights.  For example, as previously mentioned,

20 plaintiff alleges that on "the evening of" May 17, 2004, defendant

21 Butcher "command[ed] plaintiff to virtually sleep on the

22 streets[.]"  Doc. 17 at 4, §V, count III.  These personal

23 involvement allegations are not enough to overcome defendants'

24 motion to dismiss for failure to state a claim, however.  They are

25 insufficient because "[t]he court is not required to accept legal

26 conclusions cast in the form of factual allegations if those

27 conclusions cannot reasonably be drawn from the facts alleged.'"

28 See Rodriquez, 2006 WL 657207, at *1 (quoting Clegg v. Cult

1  <u>Awareness Network</u>, 18 F.3d 752 (9th Cir. 1994)).  Yet that is

2  precisely what plaintiff, albeit impliedly, is asking this court to

3  do.

4      Plaintiff is seeking to have this court infer that his eighth

5  amendment rights and his right to be free from double jeopardy were

6  violated when defendant Butcher supposedly "command[ed]" plaintiff

7  to "virtually sleep on the streets" plaintiff's first night as a

8  parolee.  Doc. 17 at 4. These unsupported legal conclusions do not

9  sufficiently allege a constitutional deprivation – an essential

10 element of any section 1983 cause of action. Simply characterizing

11 a "command" to sleep on the street as a constitutional violation

12 does not make it so.  "The court will not read meaning into the

13 plaintiff's complaint in order to discern the basis for his

14 allegation." <u>Rodriquez</u>, 2006 WL 657207, at *3.

15     Turning to the broader allegations against defendant Butcher,

16 the FAC still cannot withstand Rule 12(b)(6) scrutiny.  That is so

17 because neither in count I nor in count II of the FAC does

18 "plaintiff . . . state in a comprehensible manner how any of his

19 [constitutional] rights were violated[]" by this defendant.  <u>See</u>

20 <u>Fallon v. United States</u>, No. CIV. S-06-0942 LKK GGH PS, 2006 WL

21 1806136 (E.D.Cal. June 29, 2006). Count II provides a prime example

22 of just how incomprehensible plaintiff's allegations are:

23             Defendant(s) knew or should have known
             through letters from plaintiff, that
24           (then) current commitment to [ADC] of
             plaintiff - contract #19815150 - plea
25           agreement <u>term 3</u>: "Historical prior 13.604
             will not be alleged;" constituting <u>breach</u>
26           <u>of contract</u> & <u>double jeopardy</u>, and
             <u>deliberate indifference</u>.

27

28 Doc. 17 at 4.  Even when read together with other allegations in

the FAC, the court is left with the firm conviction, as it was in
Grayson I, that this FAC "fails to define sufficient alleged facts
to support a cognizable legal theory." See Doc. 16 at 7 (citing
Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)).  Succinctly
put, at the end of the day, plaintiff's FAC is nothing more than
"baseless assertions of fact to make conclusory allegations of
misconduct that, even when viewed in the light most favorable to
[him] do not rise to a federal violation." See Rodriguez, 2006 WL
657207, at *2 (citing, *inter alia*, Conley v. Gibson, 355 U.S. 41,
47 (1957)).  For all of these reasons, the court finds that
plaintiff has failed to state a claim for relief under section 1983
against defendant Butcher.  Therefore, in addition to being
entitled to dismissal pursuant to Fed. R. Civ. P. 8, defendant
Butcher also is entitled to dismissal pursuant to Fed. R. Civ. P.
12(b)(6).[10]

     Ordinarily the court would allow a *pro se* plaintiff such as Mr.
Grayson to amend his complaint.  Plaintiff was already given that
opportunity, however, in Grayson I. Not only did he have the
opportunity to amend, but as previously discussed, in Grayson I the
court provided plaintiff with ample guidance as to how to do so.
Plaintiff did not heed the court's comments, however.  Nor,
evidently, did plaintiff avail himself of the booklet for *pro se*
litigants which, at the court's direction, the Clerk's Office
provided to plaintiff after Grayson I.  Consequently, because

---

[10]     Having found sufficient bases for granting defendants'
motion to dismiss, there is no need to address defendants' further
argument that plaintiff is impermissibly seeking injunctive relief
against these defendants whom he has sued solely in their individual
capacities.

1  "[t]here is little to support the conclusion that if [plaintiff]

2  were provided with [a second] opportunity to amend his Complaint, he

3  would do so in a manner so as to comply with the Federal Rules of

4  Civil Procedure[,]" the court will not permit further amendment.

5  See Hanks, 2006 WL 1371625, at *5.

6  ***II.   "Motion to Set and Certificate of Readiness***

7      The second motion currently before the court is brought by

8  plaintiff pursuant to Arizona Rules of Civil Procedure 38.1.  For

9  two equally valid reasons, the court denies this motion.  First of

10 all, as is readily apparent, this *state* procedural rule has no

11 bearing on practice in this *federal* court.  Second, even assuming

12 the availability of a Certificate of Readiness in this court, the

13 court's rulings herein render moot a claim for this type of relief.

14 Likewise, the court's rulings herein also render moot defendants'

15 motion to strike this motion by plaintiff to "set and certificate of

16 readiness."  Thus, the court denies this motion as well.

17                    ***Conclusion***

18      In summary, there are several grounds upon which the court

19 GRANTS the motions to dismiss by defendants Dora Schriro and Steve

20 Butcher (doc. 20).  First, they  are entitled to dismissal based

21 upon plaintiff's failure to comply with Fed. R. Civ. P. 8.  Second,

22 defendants' are entitled to dismissal for failure to state a claim

23 upon which relief may be granted pursuant to Fed. R. Civ. P.

24 12(b)(6).  Third, to the extent plaintiff's FAC can be read as

25 asserting state law claims, defendants, who are public employees,

26 are entitled to dismissal of those claims for the additional reason

27 that plaintiff did not file a notice of claim as A.R.S. § 12-

28 821.01(A) requires when public employees are sued.  Fourth,

1 | defendants are entitled to dismissal of the state tort claims, *i.e.*
2 | negligence and gross negligence, against them because according to
3 | A.R.S. § 31-201.01(F), those claims run only against the state.
4 |      On the other hand, the court DENIES plaintiff's Motion to Set
5 | and Certificate of Readiness (doc. 24) because that remedy is a
6 | creature of state, not federal law; and, in any event, it is moot.
7 |      IT IS ORDERED that defendants' motion for dismissal pursuant to
8 | Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6) (doc. #20) is
9 | GRANTED; and
10 |      IT IS FURTHER ORDERED that plaintiff's motion to set and
11 | certificate of readiness pursuant to Arizona Rule of Civil Procedure
12 | 38.1 (doc. #24) is DENIED.
13 |      IT IS FURTHER ORDERED that defendants' motion to strike
14 | plaintiff's motion to set and certificate of readiness (doc. #25) is
15 | DENIED; and
16 |      IT IS FINALLY ORDERED that the Clerk is directed to enter
17 | judgment for the defendants and against the plaintiff, and to
18 | terminate this action.
19 |      DATED this 11th day of January, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record